**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| **ERNEST GALLON,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION FILE** |
| **VS.** : | **NO. 1:06-CV-76 (WLS)** |
| : | |
| **JACKIE RICHARDS, and DEBBIE FLOYD,** : | |
| : | |
| **Defendants.** : | |

**RECOMMENDATION**

This is a section 1983 action brought on or about May 16, 2006, by a detainee at the Ben Hill County Detention Center (Complaint, doc. 3) in which he was complaining very generally that defendant Richards had taken him off of his blood pressure medication and his back medication. He also made very generalized complaints about a lack of treatment for a tooth. Plaintiff was ordered to and did supplement his complaint on or about May 28, 2006, (doc. 5). In the supplemental complaint he attempts to state with more specificity the nature of his complaints and he also mentions defendant Floyd. Inasmuch as this plaintiff was proceeding *pro se,* and out of an abundance of caution, Floyd was also named as a defendant by the court.

At the outset it should be noted, as it will be significant to the final outcome of this recommendation, that neither the original nor supplemental complaint are verified or sworn. The court's order sanctioning this matter to go forward and be served was filed on June 8, 2006, and among other things advised the plaintiff as follows:

**"DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, each party shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of his current address. Failure to promptly

advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute." (Doc. 6, p. 2).

On August 18, 2006, both defendants filed their answers to plaintiff's complaints, thus commencing the ninety day discovery schedule established in the court's order of June 8, 2006 (docs. 11, 12). Thus, discovery closed in this matter on or about November 16, 2006. Although discovery documents are no longer routinely filed with the court, it nonetheless appears that the plaintiff has undertaken no action at all to diligently prosecute this matter since the filing of his supplemental complaint some fifteen months ago.

On December 18, 2006, Defendants filed their motion for summary judgment accompanied by their memorandum of law in support thereof, the affidavits of both defendants, the plaintiff's medical records and their statement of undisputed material facts (docs. 14 - 16). On December 19, 2006, the court gave plaintiff, at his last known address, the Ben Hill County Detention Center, the required notice of the defendants' motion and of his right to respond in opposition thereto and further advised him that his failure to respond might well result in the granting of the motion (doc. 17). The plaintiff has failed to respond to the motion in any manner although the plaintiff's copy of the notice has not been returned to the court as undeliverable as addressed. Evidently plaintiff is no longer at the Ben Hill Detention Center, either having been placed in a Georgia Department of Corrections facility subsequent to conviction or released into

the community. The court is unable to locate the plaintiff on the Georgia Department of Corrections Inmate Locator web site. Whatever the case, plaintiff has failed to notify defense counsel and the court of his present whereabouts ( fn1. Defendants, memorandum of law, doc. 15). Given plaintiff's failure to diligently prosecute this matter, his failure to apprise defense counsel and the court of his present whereabouts, and his failure to respond in opposition to defendants' motion, it appears safe to conclude that plaintiff has lost interest in pursuing this matter. At the very least plaintiff is presently 'lost' insofar as defense counsel and the court are concerned.

*Local Rule 56*

Local Rule of this court number 56 is titled, "Summary Judgments - Statement Of Facts Required," and states in pertinent part:

> The respondent to a motion for summary judgment shall attach to the response a separate and concise statement of material facts, numbered separately, to which respondent contends there exists a genuine issue to be tried. Response shall be made to each of the movant's numbered material facts. <u>All material facts contained in the moving parties statement which are not specifically controverted by the respondent in respondent's statement shall be deemed to have been admitted, unless otherwise inappropriate.</u> (Emphasis added).

*Federal Rule of Civil Procedure 56*

Federal Rule of Civil Procedure 56(e) pertains the procedural and evidentiary requirements for the party opposing the motion for summary judgment and states in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial. <u>If the adverse party does not so respond, summary</u>

3

<u>judgment, if appropriate, shall be entered against the adverse party.</u>
(Emphasis added).

In this case, as was earlier noted, neither plaintiff's initial complaint nor his supplemental complaint are sworn documents. He has offered no response in opposition to the defendants' motion. Therefore, unless it is inappropriate to do so for some reason, Local Rule 56 dictates that the contents of defendants' statement of material facts as to which there is no genuine issue to be tried be deemed admitted. Inasmuch as plaintiff has offered nothing to oppose the granting of defendants' motion, Federal Rule of Federal Procedure 56(e) would then require that summary judgment be entered, so long as to do so is appropriate.

The undersigned can conceive of no reason why it would be inappropriate to accept as admitted defendants statement of material facts as to which there is no genuine issue to be tried. The following is therefore admitted. (Note: the following recitation is taken from document 16 and the numbers appear as in the original).

1.

Throughout Inmate Gallon's incarceration at Ben Hill County Detention Center, he was treated properly and timely by the medical staff for various ailments (Richards Aff., ¶ 28; and Floyd Aff., ¶ 29).

6.

On November 20, 2005, an officer at Ben Hill [County Detention Center] conducted a routine search of Inmate Gallon's cell and discovered, among other things, that he was hoarding his prescribed medication and had concocted a home brewed liquor (Richards Aff., ¶10; and Floyd Aff., ¶ 11).

7.

Inmate Gallon's medications were thereafter discontinued by orders of Dr. Odom (Richards Aff., ¶ 11; and Floyd Aff., ¶ 11).

21.

Neither Nurse Richards nor Nurse Floyd was in any way responsible for the decision to discontinue Inmate Gallon's medications (Richards Aff., ¶ 21; and Floyd Aff., ¶ 21).

22.

Neither Nurse Richards nor Nurse Floyd, as licensed practical nurses, are medically authorized to prescribe medications like Naprosyn or HCTZ to Inmate Gallon (Richard Aff., ¶ 21;and Floyd Aff., ¶ 21).

26.

Accordingly, neither Nurse Richards nor Nurse Floyd treated Inmate Gallon until May 2006 (Richards Aff., ¶¶ 3 & 4; and Floyd Aff., ¶ 4).

27.

In May 2006, Inmate Gallon was again complaining about blood pressure problems, back pain, and in addition, a toothache (Richards Aff., ¶22; and Floyd Aff., ¶ 22).

28.

In response, Inmate Gallon's blood pressure was checked aon separate occasions by both Nurse Richards and Nurse Floyd, and was found to be normal (Richards Aff., ¶23; and Floyd Aff., ¶ 23).

29.

Inmate Gallon had already been provided an extra mattress for his back pain months ago (Richards Aff., ¶ 14; and Floyd Aff., ¶ 14).

30.

He was not given medication for his back per Dr. Odom's prior orders. Dr. Odom prescribed Amoxicillin and Tylenol for Inmate Gallon's toothache, and both Nurse Richards and Nurse Floyd administered these medications to him along with Orajel, a topical solution for tooth and gum pain (Richards Aff., ¶ 24; and Floyd Aff., ¶ 24).

31.

Nurse Richards and Nurse Floyd also made an appointment for him to be seen by a dentist (Richards Aff., ¶ 24; and Floyd Aff., ¶ 24).

32.

Despite these attempts by both Nurse Richards and Nurse Floyd to treat Inmate Gallon for his toothache, he threw packets of Orajel at both nurses during a medical visit on May 31, 2006, refused his medication, and stated, "If you piss on enough people and piss them off, they will send you out of here" (Richards Aff., ¶ 25; and Floyd Aff., ¶ 25).

33.

Inmate Gallon was then seen by the dentist on June 6, 2006, who extracted one of his teeth (Richards Aff., ¶ 26; and Floyd Aff., ¶ 26).

35.

However, May 2006 until the time Inmate Gallon left Ben Hill [County Detention Center], he was treated timely and properly for all of his various maladies by the medical staff at Ben Hill [County Correction Center] (Richards Aff., ¶28; and Floyd Aff., ¶ 28) (the word 'from' which should proceed May has been omitted)

The above recited facts having been shown with nothing offered in rebuttal by the

nonmoving party are deemed admitted in accordance with Local Rule 56.  The nonmoving plaintiff can not even be said to be relying on his pleadings as they are not verified.  In light of the above and foregoing and pursuant to Federal Rule of Civil Procedure 56(e) the entry of summary judgment for the defendants is appropriate, and is so RECOMMENDED.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 4th day of September 2007.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE